UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOBLE POTTER, III,

    Plaintiff,

    v.    CAUSE NO. 3:23-CV-3-DRL-JEM

CASTANEDA,

    Defendant.

OPINION AND ORDER

Noble Potter, III, a prisoner without a lawyer, filed a complaint. ECF 2. As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Mr. Potter is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Potter alleges he was issued a report of conduct by RN Tiffany for destruction of property at the Indiana State Prison on August 13, 2022. Specifically, the report states Mr. Potter "grabbed my computer off the desk and flung it across the room striking me

in my right hip. . .. [He] then took off destroying several other items in the nurse's station including [the] EKG machine 2 more computers, Signal bag and several other items." ECF 2-1 at 1. According to Mr. Potter, however, he "did not destroy all these items." ECF 2 at 2. On October 11, 2022, a disciplinary hearing was conducted by Lt. Castaneda. Mr. Potter was found guilty of the charge described in the conduct report, and he was sanctioned "up to $100,000 for restitution." *Id*.[1] During the hearing, Mr. Potter asked for proof of the damage amount, but Lt. Castaneda replied that she "had no proof." *Id*. at 3. Mr. Potter also claims the items described were the property of Centurion rather than the property of the Indiana Department of Correction. He reiterates there was "no documentation" to support a restitution sanction and that the Indiana Department of Correction "suffered no financial deprivation." *Id*. He has sued Lt. Castaneda and asks that the $100,000 restitution order be removed and that all money taken from his account in connection with it be refunded.

The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To

---

[1] Mr. Potter attached the report of disciplinary hearing to his complaint as an exhibit, but it is illegible, so it's unclear what Lt. Castaneda relied on in determining the restitution sanction.

2

satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). It may be assumed that "Indiana prisoners have a property interest in the funds in their trust accounts." *Hull v. Cooke*, No. 22-2848, 2024 WL 81104, 2 (7th Cir. Jan. 8, 2024), *reh'g denied*, No. 22-2848, 2024 WL 644676 (7th Cir. Feb. 15, 2024). Thus, when an inmate alleges funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award, he may potentially state a claim pursuant to the due process clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by *any* evidence") (emphasis added). However, where an inmate is provided with a hearing consistent with *Wolff*, due process is satisfied for purposes of both revocation of good-time credits and assessment of restitution. *Campbell*, 787 F.2d at 224 n.12.

Here, Mr. Potter has plausibly alleged that the restitution order was based on no evidence and thus violated due process. He claims he asked for evidence of the damages/costs and was told there was none. The report of disciplinary hearing attached to the complaint sheds no light on Lt. Castaneda's reasoning for imposing the sanction because it is illegible. Therefore, while later development of the record may show otherwise, Mr. Potter has stated a plausible due process claim at this stage. *See e.g. Tonn*, 607 Fed. Appx. at 590 ("His allegations may be refuted when a record is developed, but at this early stage they are sufficient to state a due-process claim.").

For these reasons, the court:

(1) GRANTS Noble Potter, III leave to proceed against Lt. Castaneda in her individual capacity for compensatory damages in connection with assessing a restitution sanction on October 11, 2022, in the absence of any evidence, in violation of the Fourteenth Amendment;

(2) GRANTS Noble Potter, III leave to proceed against Lt. Castaneda in her official capacity for injunctive relief to remove or modify the restitution sanction assessed on October 11, 2022, in the absence of any evidence, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Castaneda at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Castaneda to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 29, 2024                                     *s/ Damon R. Leichty*
                                                                Judge, United States District Court